UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON M. EVANS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>COLUMBIA DEBT RECOVERY, LLC,<br><br>Defendant. | )<br>)<br>) CIVIL ACTION<br>) FILE NO._____<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, Brandon M. Evans, by counsel, hereby files his Class Action Complaint ("Complaint") against Defendant Columbia Debt Recovery, LLC ("Defendant") as follows:

## INTRODUCTION

1. This is an action for damages based upon Defendant's unlawful conduct in violation of Plaintiff's privacy rights under the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*. ("FCRA").

2. Plaintiff is a natural person who resides in Ohio. He is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for a residential apartment lease in his name and without his knowledge or consent.

3. Defendant is a Washington limited liability company and a "debt collector" as that term is defined by the FDCPA. Defendant sometimes does business as "Genesis Credit Management" ("Genesis"). Upon information and belief, neither Genesis nor Genesis Credit Management, LLC are actively registered with the Washington Secretary of State as active companies. In fact, Genesis Credit Management, LLC is listed as having been dissolved and inactive as of 08/05/2019 on the Washington Secretary of State website. See Exhibit A. Upon

information and belief, Defendant has not registered "Genesis Credit Management" as a trade name in Washington or any other State.

4. Defendant reported a consumer debt to the credit bureaus for inclusion on Plaintiff's credit file that did not belong to Plaintiff. Further, on or about October 19, 2023, Defendant requested and obtained Plaintiff's consumer report from Trans Union LLC ("Trans Union"), a national consumer reporting agency. Defendant obtained Plaintiff's consumer report in relation to a debt arising from an apartment lease and not in relation to a "credit transaction" initiated by Plaintiff. Accordingly, Defendant did not have a permissible purpose for obtaining Plaintiff's consumer report and did so in violation of the FCRA.

5. As a result of Defendant's wrongful access to Plaintiff's consumer report as described herein, Plaintiff has suffered an invasion of his privacy and other damages as set forth below.

6. Plaintiff suffered concrete harm as a result of Defendant's violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

7. At all times material to this action, Plaintiff was a resident of Ohio. He is a math teacher. He has a Bachelor's Degree in Secondary Mathematics and a Master's Degree in Educational Technology.

8. At all times material to this action, Defendant was a Washington limited liability company doing business in Washington, Ohio, and other States. Defendant seeks to collect debts from consumers in Washington, Ohio and nationwide. Defendant may be served with a copy of the Complaint and summons through its registered agent for service, to wit: Corporation Service Company, 300 Deschutes Way, SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

9. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11. Defendant is subject to the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a national class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3) on behalf of the following class ("Class") consisting of all similarly situated persons:

All persons with an address in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was furnished to Defendant by Trans Union, within the two years preceding the filing of this action through the date of final approval, for the purposes of collecting a debt arising out of any residential apartment lease or application for an apartment lease.

13. Excluded from the Class are: Defendant's officers, directors, employees, legal representatives, successors, assigns, and any individual who at any time during the class period has had a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Class.

14. Plaintiff reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

15. The Class is so numerous that joinder of all class members is impractical. While the exact number of Class members is unknown, it is estimated that there are hundreds, if not more, potential Class members in the Class given the high volume of accounts upon which Defendant collects and request consumer reports.

16. There are questions of law and fact common to the Class including (i) whether Defendant requested and obtained consumer reports on the Class Members; (ii) whether the consumer reports were related to a "credit transaction"; (iii) whether Defendant willfully violated the provisions of 15 U.S.C. § 1681b; and (iv) whether Plaintiff and the Class members are entitled to recover damages.

17. Plaintiff's claims are typical of the claims of the members of the Class because all members of the Class suffered invasion of privacy and similar damages arising from Defendant's impermissible pull of their consumer reports.

18. Plaintiff will fairly and adequately protect the interests of the members of the Class.

19. Plaintiff has retained counsel competent and experienced in this type of litigation and Plaintiff has no interests antagonistic to or in conflict with the other members of the Class.

20. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action. The Class members can be identified through Defendant's records.

21. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

22. There are questions of law and fact common to the members of the Class which predominate over any questions affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

23. Plaintiff lives and works in Munroe Falls, Ohio.

24. Plaintiff is allegedly obligated to pay a $262 consumer debt ("Debt") arising from either the lease of an apartment or the application to lease an apartment at The Lumen apartment complex ("Apartment") and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Apartment is located in Ohio. Plaintiff has never lived at the Apartment nor applied to live at the Apartment. He has lived in the same house for over the past 35 years. He does not owe the Debt.

25. Defendant is a collection agency specializing in the collection of consumer debt.

26. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

27. Defendant manages, and collects upon, thousands of consumer debts annually.

28. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. 1692a(2).

29. In 2023, Plaintiff obtained a copy of his credit reports as published by Trans Union and Experian. In reviewing the reports, he noticed that Defendant reported to Experian that it was collecting a delinquent account against Plaintiff in the amount of $263 ("Debt"). Defendant reported that the Debt originated with the Apartment. A copy of Defendant's tradeline for the Debt as published by Experian is attached hereto as Exhibit B. Defendant reported the Debt under the name "Columbia Debt Recovery" on Plaintiff's Experian credit report.

30. Plaintiff further noticed that Defendant was reporting the Debt on his Trans Union credit report. A copy of the Defendant's tradeline for the Debt as published by Trans Union is attached hereto as Exhibit C. Defendant reported the Debt under the name "Genesis Credit Management" on Plaintiff's Trans Union credit report. Upon information and belief, neither "Genesis Credit Management" nor Genesis Credit Management, LLC were active companies at the time Defendant reported the Debt to Trans Union using the name "Genesis Credit Management."

31. On or about October 19, 2023, Defendant requested and obtained a copy of Plaintiff's consumer report from Trans Union. A copy of the entry from Plaintiff's Trans Union credit file reflecting Defendant's request is attached hereto as Exhibit D.

32. Plaintiff did not authorize Defendant to pull his consumer report. He did not initiate any credit transaction with the underlying apartment complex related to the Debt. He did not have any accounts with Defendant at the time Defendant requested and obtained his consumer report from Trans Union. Defendant Union did not have a permissible purpose under the FCRA to request and obtain Plaintiff's consumer report from Trans Union.

### INJURIES-IN-FACT

33. Defendant's act of requesting and obtaining Plaintiff's consumer report was an invasion of his privacy, and the privacy of the FCRA Class members, and the FCRA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

### CAUSES OF ACTION

**COUNT ONE:**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681,** *et. seq.*

34. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

35. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished" under Section 1681b of the FCRA.

36. The collection of a debt alleged to arise out of a residential apartment lease transaction is not a permissible purpose for furnishing a consumer report to a third-party under the FCRA because such a debt does not arise from a "credit transaction" as described in Section 1681a(b) of the FCRA.

37. Plaintiff's Trans Union credit file reflects that Defendant requested and obtained Plaintiff's consumer report from Trans Union on or about October 19, 2023.

38. Upon information and belief, the purpose for which Defendant requested a copy of Plaintiff's consumer report from Trans Union was to collect the underlying apartment lease or lease application debt.

39. Defendant's obtaining and use of Plaintiff's consumer report for the purpose of collecting on apartment debt not arising from "credit transactions" initiated by Plaintiff and other consumers is a violation of Section 1681b(f) of the FCRA.

40. Defendant's conduct was an invasion of Plaintiff's privacy and caused him emotional distress.

41. Defendant's violation of the FCRA was willful, giving rise to liability under 15 § 1681n.

**TRIAL BY JURY**

42. Plaintiff and the Class are entitled to and hereby request a trial by jury.

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and the Classes:

a. That the Court certify the Class pursuant to Fed. R. Civ. P. 23;

b. Appoint the undersigned as counsel for the Class;

c. Enter judgment against Defendant and in favor of Plaintiff and the FCRA Class for statutory and punitive damages in an amount to be proven at trial as well as reasonable attorney's fees and costs.

d. Prejudgment and post-judgment interest at the maximum statutory rate; and,

e. Such other relief, legal or equitable, as the Court deems just and proper.

Respectfully submitted this 4th day of March, 2024.

/s/Seth M. Lehrman
Seth M. Lehrman, Esq.
ND Ohio No. FL132896
LEHRMAN LAW
951 Yamato Road, Suite 285
Boca Raton, FL 33431
(754) 778-9660
seth@lehrmanlaw.com

John A. Love, Esq.
ND Ohio No. GA459155
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, GA  30009
(404) 855-3600
tlove@loveconsumerlaw.com

Robert W. Murphy, Esq.
ND Ohio No. FL717223
LAW OFFICE OF ROBERT W. MURPHY
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
(434) 328-3100 / (954)763-8660
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiff*